UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-104

**TRINA WRIGHT, as Executor and personal**                    **PLAINTIFF**
**Representative of the Estate of Thomas R. Davis**

v.

**STATE FARM MUTUAL AUTOMOBILE**                    **DEFENDANTS**
**INSURANCE COMPANY AND SHERRI**
**MORRILL**

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon a motion by Plaintiff, Trina Wright, to remand this action to state court where it was originally filed. (DN 9). Defendants, State Farm Mutual Automobile Insurance Company and Sherri Morrill, have responded (DN 12; DN 14) and Plaintiff has filed a reply. (DN 15). Also before the Court is a motion by the Defendant, Sherri Morrill, to dismiss Plaintiff's claims against her. (DN 10). Finally, Plaintiff's Motion to Stay and Hold in Abeyance the Motion to Dismiss is also before the Court. Fully briefed and being otherwise sufficiently advised, these matters are ripe for review and for the following reasons, Plaintiff's Motion to Remand is **DENIED,** Plaintiff's Motion to Hold in Abeyance is **DENIED**, and Defendant Morrill's Motion to Dismiss is **GRANTED.**

### Background

On April 28, 2016, Thomas Davis was injured in a car accident. Mr. Davis has since passed away. Tina Wright, the executrix of Mr. Davis's estate, now pursues Mr. Davis's claim on behalf of the estate.[1] Mr. Davis held an insurance policy with Defendant State Farm. Defendant Sherri

---
[1] The Court will refer to Mr. Davis and Ms. Wright collectively as "Plaintiff."

1

Morrill is the agent who sold the policy to Mr. Davis. Plaintiff alleges that she asked State Farm to disclose the total amount of underinsured motorist insurance coverage ("UIM" coverage) available to Mr. Davis's estate under his policy. Plaintiff further alleges that, although Mr. Davis had purchased $200,000.00 in UIM benefits, State Farm informed her that only $100,000.00 was available under the policy.

> Regarding Agent Morrill, Plaintiff claims:
>
> Despite being placed on notice of the accident, the claims, and the settlement, at no time did Defendant Morrill advise State Farm, Davis, Davis's counsel, or the Davis Estate that there was an additional $100,000 in UIM coverage which she sold and serviced, and which would afford coverage for the accident.[] Defendant Morrill is one of many State Farm agents statewide who engaged in this practice of withholding from their customers information that stacked UIM coverage was available and payable for an accident.

(DN 9 at 2) (footnote omitted).

Plaintiff claims that, in May 2019, "State Farm finally disclosed to counsel for Davis' Estate that the company (and therefore Agent Morrill as well) had withheld the existence of $100,000 in coverage available for the accident. State Farm has since paid the coverage." *Id.* at 3. Plaintiff originally filed this action in state court. State Farm subsequently removed the Action to this Court. Plaintiff claims that Agent Morrill violated the Kentucky Consumer Protection Act ("KCPA"), breached her fiduciary duties, and defrauded Plaintiff by failing to disclose available UIM coverage. In the notice of removal, State Farm contends that the citizenship of Agent Morrill—who is not diverse from Plaintiff—should be ignored under fraudulent joinder because Plaintiff fails to assert a colorable claim against her. Now before the Court are Plaintiff's Motion to Remand, Plaintiff's Motion to Hold in Abeyance, and Defendant Morrill's Motion to Dismiss. Because Plaintiff does not state a colorable claim against Agent Morrill, the Plaintiff's Motion to

2

Remand is **DENIED**, Plaintiff's Motion to Hold in Abeyance is **DENIED,** and Defendant Morrill's Motion to Dismiss is **GRANTED.**

**Standard**

The burden to establish federal subject matter jurisdiction lies with the party seeking removal. *Vill. Of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (citing *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996)). Generally, a defendant may remove a civil case to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. § 1441, 1446. Because Plaintiff's complaint does not raise a federal question, the exclusive basis for federal subject matter jurisdiction is 28 U.S.C. § 1332, which requires the citizenship of each plaintiff to be diverse from the citizenship of each defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68, 117 S. Ct. 467, 136 L Ed. 2d 437 (1996) (explaining the principle of complete diversity). While Plaintiff, a citizen of the Commonwealth of Kentucky, is diverse from State Farm, a company that is incorporated and maintains its principal place of business in Illinois, she is not diverse from Sherri Morrill. Therefore, complete diversity is lacking based on the face of Plaintiff's complaint. However, the Defendants insist that Plaintiff fraudulently joined Sherri Morrill in an effort to defeat diversity jurisdiction and confine the case to state court.

Defendants bear the burden of proving fraudulent joinder. "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564-65 (6th Cir. 2015) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). "If there is a colorable basis for predicting that a plaintiff may recover against

non-diverse defendants, [the district] Court must remand the action to state court." *Taco Bell Corp. v. Dairy Farmers of Am., Inc.*, 727 F. Supp. 2d 604, 607 (W.D. Ky. 2010) (citing *Coyne*, 183 F.3d at 493). In other words, if Plaintiff's claims have even "a 'glimmer of hope,' there is no fraudulent joinder." *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999)). This is a "heavy burden," *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999), as Defendants must demonstrate that there is no genuine basis upon which Plaintiff may be able to recover against Sherri Morrill. *Coyne*, 183 F.3d at 493.

The standard for a defendant to successfully show fraudulent joinder is even higher than the standard a defendant must meet to succeed on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Anderson v. Merck & Co. Inc.*, 417 F. Supp. 2d 842, 845 (E.D. Ky. 2006) (citing *Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 845-46 (S.D. Ohio 2002)). "[T]he benefit of the doubt given a plaintiff as part of the fraudulent joinder inquiry should be more deferential than even that given under Rule 12(b)(6). . . . [A] decision overruling a motion for remand where the defendant is claiming fraudulent joinder connotes that a plaintiff's claim, as to the non-diverse defendant, has no basis in law or reason." *Little*, 227 F. Supp. 2d at 846-47; *See also Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012).

As is always the case in matters concerning comity and federalism, any ambiguity must be resolved against removal. *See Brirly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (explaining that "the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction" and that ambiguities regarding the scope of removal "should be resolved in favor of remand to the state courts."). Furthermore, any ambiguities in the relevant state law must be resolved in the light most favorable

4

to the plaintiff. *Walker v. Phillip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (citing *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)); *See also Coyne*, 183 F.3d at 493 ("All doubts as to the propriety of removal are resolved in favor of remand.").

**Discussion**

1. **Motion to Remand:**

   (I)    Kentucky Consumer Protection Act (KCPA).

Plaintiff does not state a colorable claim against Sherri Morrill for violation of the KCPA. The KCPA prohibits "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." K.R.S. § 367.170(1). To maintain an action alleging a violation of the KCPA, an individual must fit within the protected class of persons, which includes "any person who purchases or leases goods or services primarily for personal, family or household purposes." K.R.S. § 367.220(emphasis added); *see also Skilcraft Sheetmetal, Inc. v. Kentucky Mach., Inc.*, 836 S.W.2d 907 (Ky. Ct. App. 1992). Therefore, as a general rule, there must be privity of contract between the parties in a suit where a violation of the KCPA is alleged. *See id.* at 909 ("The legislature intended that privity of contract exist between the parties in a suit alleging a violation of the [Kentucky] Consumer Protection Act."); *Tallon v. Loyd & McDaniel*, 497 F.Supp.2d 847, 854-55 (W.D. Ky. 2007 (holding a plaintiff lacked standing under KCPA where defendant was "several steps removed from privity of contract with the [plaintiff]"); *Brewer v. Portfolio Recovery Associates*, No. 1:07-cv-113-M, 2007 WL 3025077 (Oct. 15, 2007) (granting motion to dismiss on KCPA claims where plaintiff failed to allege a qualifying purchase or privity of contract with defendant).

There is no privity of contract between Plaintiff and Sherri Morrill. Sherri Morrill is an insurance agent and is not a party to the insurance contract in controversy. Plaintiff does not argue that Agent Morrill is in privity of contract with the insured. Instead, Plaintiff argues that this case is exempt from the general rule requiring privity of contract for a KCPA claim. The Court disagrees. Privity of contract is generally necessary to state a claim under the KCPA. *Wolfe v. State Farm Fire and Cas. Co.*, No. 3:10-CV-545-JH, 2010 WL 4930680 (W.D. Ky. Nov. 30, 2010) (KCPA claim against individual State Farm claim adjuster failed due to lack of privity of contract between the insureds and adjuster); *Anderson v. Nat'l Security Fire and Casualty Co.*, 870 S.W.2d 432, 436 (Ky. Ct. App. 1993) (repeating that there was legislative intent for privity of contract to exist for claims under the Consumer Protection Act). Although Kentucky courts have carved out narrow exceptions to this rule, such exceptions have been limited to cases where the plaintiff is a purchaser of services or products from the defendant. *See Campbell v. Capital One, N.A.*, No1:12-CV-82-TBR, 2012 WL 4959611 (W.D. Ky. Oct. 16, 2012) (citing *Stafford v. Cross Country Bank*, 262 F.Supp.2d 776 (W.D. Ky. 2003) (finding that a plaintiff had standing under the KCPA where a bank had issued a credit card to an imposter in the plaintiff's name, the plaintiff was denied financing because the imposter was delinquent on the credit card, and the defendant repeatedly attempted to collect on the delinquent account, despite the plaintiff's continued complaints about the fraud.)). Plaintiff primarily relies on two cases to argue that her KCPA claim is not barred by the absence of privity of contract. Neither case is persuasive.

First, Plaintiff cites *Winburn v. Liberty Mut. Ins. Co.*, 933 F.Supp. 664 (E.D. Ky. 1996). Plaintiff argues that *Winburn* provides context because the *Winburn* court "reasoned that viable causes of action specific to the agent existed and the Court remanded, stating: 'Given that the plaintiffs must only state a colorable claim against [the defendant] under Kentucky law, and in

light of the case law cited above, the Court concludes that the defendants have not established fraudulent joinder with respect to this common law bad faith claim.'" (DN 9 at 7) (quoting *Winburn*, 933 F.Supp. at 666-67). The *Winburn* court also reasoned, however, that "Kentucky courts have intimated that the purchaser of the policy and not a third party is the one who may resort to the protections of the CPA." *Winburn*, 933 F.Supp. at 666. And the court explained that "[p]rivity of contract is apparently contemplated; only the insured is a consumer within the protected class." *Id.* The court reasoned that a third-party could not enforce the KCPA against an entity who was a party to the contract because privity of contract would be lacking. It follows, therefore, that a party to the contract cannot enforce the KCPA against a third-party for the same reason. Thus, *Winburn* does not help Plaintiff's case.

Second, Plaintiff cites *Morton v. Bank of the Bluegrass and Trust Co.*, 18 S.W.3d 353 (Ky. App. 1999). Plaintiff argues that *Morton* recognizes "that liability under the KCPA may extend to the illegal acts of an insurance agent." (DN 9 at 7). In *Morton*, a Kentucky Court of Appeals did ultimately hold that a KCPA claim should not have been dismissed against several parties including an agent. *Id.* at 360. As the Defendants correctly identify, however, "[t]he [*Morton*] Court did not even address the argument that, as to the insurance agency which was one of many defendants, the KCPA claim should be dismissed for lack of privity of contract." (DN 12 at 8). In fact, the *Morton* court reasoned that "[t]he Kentucky Consumer Protection Act . . . does provide a homeowner with a remedy for the conduct of their *own insurance company* in denying such a claim because the act has provided a 'statutory' bad faith cause of action." *Id.* (quoting *Stevens v. Motorists Mut. Ins. Co., Ky.*, 759 S.W.2d 819, 820 (1988)) (emphasis added). Instead, the *Morton* court was primarily concerned with whether an insurance policy is a service within the meaning of the KCPA. *See Morton*, 18 S.W.3d at 360.

Furthermore, Plaintiff's broad interpretation of *Morton* is contrary to the consensus of authority regarding the KCPA's privity requirement. In *PNC Bank, N.A. v. Merenbloom*, the Sixth Circuit explained that "[a]n action under the KCPA requires privity of contract between the parties." Nos. 15-6361, 16-5277, 2017 WL 3973962, at * 3 (6th Cir. June, 2017) (citing *Skilcraft Sheetmetal, Inc. v. Ky. Mach. Inc.*, 836 S.W.2d 907, 909 (Ky. Ct. App. 1992)). And in *Simpson v. Champion Petfoods USA, Inc.*, the Eastern District of Kentucky explained that "numerous Kentucky Courts of Appeals have cited *Skilcraft* and interpreted the text of the KCPA 'to mean that an individual must be a purchaser with privity of contract in order to have standing to bring an action under the [KCPA].'" 397 F.Supp.3d 952, 962 (E.D. Ky. 2019) (citing *E.g., Williams v. Chase Bank USA, N.A.*, 390 S.W.3d 824, 829 (Ky. Ct. App. 2012); *Arnold v. Microsoft Corp.*, No. 2000-CA-002144, 2001 WL 1835377, at *7 (Ky. Ct. App. Nov. 21, 2001); *Potter v. Bruce Walters Ford Sales, Inc.*, 37 S.W.3d 210, 213 (Ky. Ct. App. 2000); *Keaton v. G.C. Williams Funeral Home, Inc.*, 436 S.W.3d 538, 546 (Ky. Ct. App. 2013) ("Claims may only be brought under the KCPA by individuals who personally purchase goods or services from a merchant.")). In the case before this Court, Agent Morrill is not in privity of contract regarding the insurance contract. Therefore, Plaintiff does not state a colorable claim against Agent Morrill under the KCPA.

*(II)* *Breach of Fiduciary Duty.*

Plaintiff claims that Agent Morrill owed a fiduciary duty to Mr. Davis and that Agent Morrill breached that duty. More specifically, Plaintiff argues that "Morrill owed fiduciary duties to fairly, accurately and fully represent the terms and conditions of insurance policies sold to Thomas Davis." (DN 1-1, Pl. Complaint at ¶ 115). Plaintiff further alleges that Agent Morrill owed a fiduciary duty to treat Plaintiff "with honesty, utter good faith, loyalty, candor, due care and fair dealing" and to "disclose all insurance coverages available to [Plaintiff] for a loss and adhere to

8

the reasonable expectations of Thomas Davis and his estate that they would receive all benefits to which they were entitled." *Id.* at ¶¶ 116-17. Defendants argue that Agent Morrill did not owe a fiduciary duty to Plaintiff.

An insurance agent's duty to her clients is a question of law. *Hardy Oil Co., v. Nationwide Agribusiness Ins. Co.*, 587 Fed. Appx. 238, 240 (6th Cir. 2014). Pursuant to Kentucky law, an insurance agent has "no affirmative duty to advise . . . by the mere creation of an agency relationship." *Id.* Rather, an insurance agent merely owes her clients a standard duty of reasonable care. *Associate Ins. Serv., Inc. v. Garcia*, 307 S.W.3d 58, 63 (Ky. 2010); *Helton v. Am. Gen. Life Ins. Co.*, 946 F.Supp.2d 695, 708 (W.D. Ky. 2013). Therefore, Agent Morrill only owed the duties alleged by Plaintiff if she took on the special role of insurance advisor.

"An insurer may assume a duty to advise an insured when: (1) he expressly undertakes to advise the insured; or (2) he impliedly undertakes to advise the insured." *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 248 (Ky. 1992). It is undisputed that Agent Morrill did not expressly undertake the duty to advise Plaintiff. It is therefore necessary to determine whether Agent Morrill impliedly undertook the duty to advise Plaintiff. "An implied assumption of duty may be present when: (1) the insured pays the insurance agent consideration beyond a mere payment of premium . . . (2) there is a course of dealing over an extended period of time which would put an objectively reasonable insurance agent on notice that his advice is being sought and relied on . . or (3) the insured clearly makes a request for advice." *Id.* (citations omitted).

Plaintiff neither alleges that Agent Morrill was paid consideration beyond premium payments nor that there was a sufficient course of dealing to establish an implied duty to advise. And the Plaintiff's Complaint does not allege facts sufficient to support a claim that Plaintiff "clearly [made] a request for advice" to Agent Morrill. Although the Plaintiff makes vague allegations that

9

Plaintiff "reached out to Morrill's office following his accident for assistance with the coverages available to him," it is unclear who the Plaintiff spoke to, what exactly was discussed, or when the conversation occurred. (DN 1-1 at ¶ 110). Plaintiff does not clarify this allegation in the Motion to Remand. Instead, Plaintiff focuses on the allegation that "Agent Morrill never made any efforts to disclose the coverage despite knowledge that she sold it, that it was active, that it was owed to her customer and that State Farm was not disclosing its existence and certainly not paying it." (DN 9 at 1). In the Motion to Remand, and subsequent Reply, Plaintiff argues that Agent Morrill refused to act on information that Agent Morrill received from State Farm. Plaintiff's reliance on Agent Morrill's knowledge of the insurance coverage gained through State Farm and channels other than Plaintiff's alleged communication belie a finding that Plaintiff "clearly" requested advice on coverage from Agent Morrill. The essence of Plaintiff's argument is that Agent Morrill was placed on notice by State Farm, not that Plaintiff clearly asked her for help. In fact, Plaintiff quotes several portions of her complaint in support of her argument but does not cite to the paragraph (¶ 110) where Plaintiff alleges that Mr. Davis "reached out" to Agent Morrill's office. (DN 9 at 9). For example, Plaintiff quotes the following portions of the Complaint:

- The agent receives notice when the claim is paid, can see how much was paid and under which policies payment was made. (Complaint ¶¶ 65-66)
- The agent here knew, by virtue of selling and servicing the coverages, that Thomas Davis had two household policies with UIM coverage, but that State Farm only opened a claim for coverage under one policy. (Id. ¶¶ 70, 75)
- The agent never advised the Davis estate or their counsel that the UIM coverage was active, in force at the time of the accident and available to the estate or that coverage was being withheld, despite knowing of its existence and need for the coverage. (Id. ¶¶ 77-78)

(DN 9 at 9). Plaintiff's decision to include these specific portions of the Complaint but not Paragraph 110 suggests that Plaintiff did not "clearly make[] a request for advice." Furthermore, the Court is otherwise unaware of sufficient allegations regarding the three qualifications under

the *Mullins* test in the record. Therefore, Agent Morrill did not owe a duty to advise Plaintiff and the claim for breach of fiduciary duty must be denied.

Plaintiff argues that Agent Morrill breached a duty created by 806 KAR 12:095. (DN 15 at 8). Plaintiff explains that "[f]iduciary duties can be created by statute and regulation – and such was done here under 806 KAR 12:095." *Id.* Therefore, Plaintiff argues, "[w]hether Kentucky courts would find that Morrill had a duty to disclose coverages to the Plaintiff seems clear cut – it is legislatively required." *Id.* Plaintiff is mistaken. In *Woods Apartments, LLC v. U.S. Fire Ins. Co.*, Judge Heyburn explained that 806 KAR 12:095:

> clearly provides that "[a] violation of this administrative regulation shall be found only by the executive director. This administrative regulation shall not create or imply a private cause of action for violation of this administrative regulation." 806 KAR 12:095 §2(3). As this Court has found "[t]he plain language of this regulation states that it neither creates nor implies a private cause of action for an alleged violation." *Brantley v. Safeco Ins. Co. of Am.*, 2012 WL 4959528 (W.D.Ky. Oct. 12, 2012); *see also Hiscox Dedicated Corp. Member Ltd. v. Wilson*, 246 F.Supp.2d 684, 695 (E.D. Ky. 2003) (holding that a claim pursuant to the Kentucky Administrative Regulations is "not legally cognizable according to the language of the regulation"); *Sullivan v. Am. Intern. Group. Inc.*, 2008 WL 4056366, *6 (E.D. Ky. Aug. 27, 2008). Accordingly, Plaintiffs cannot sue under this regulation. . . . Moreover, the Court agrees with Defendants that 806 KAR 12:095 is an administrative regulation inapplicable to Plaintiffs' private cause of action.

No. 3:11-CV-00041-H, 2013 WL 3929706, *1-2 (W.D. Ky. Jul. 29, 2013). Because 806 KAR 12:095 does not create a private cause of action, Plaintiff's argument is unpersuasive.

Plaintiff also argues that "[t]his Court has reasoned recently that Kentucky Law does not immunize insurance adjusters from suit by the insured" and that this Court has "recognized that extracontractual duties can arise on the part of an insurance *adjuster* toward an insured that can support a cause of action based on conduct." (DN 9 at 10 (citing *Fulton County v. Underwriters Safety & Claims, Inc.*, No. 5:18-CV-138-TBR, 2019 U.S. Dist. LEXIS 729, *13 (W.D. Ky. Jan. 2, 2019)). However, *Fulton County* is distinguishable from this case. In *Fulton County*, the plaintiff

11

argued that it had colorable claims against a non-diverse insurance adjuster. *Fulton County*, 2019 WL 97080 at *2. The Court addressed two issues regarding Fulton County's negligence claim against the insurance adjuster: (1) whether, under Kentucky law, insurance adjusters owe *any* duty of care to insureds and (2) whether the adjusters in *Fulton County* assumed a duty beyond those covered by the contract. *Id.* at 3. This Court found that (1) Kentucky law does not entirely immunize insurance adjusters from suit by the insured and (2) that the defendant in *Fulton County* had not demonstrated that the non-diverse adjusters in that case had not assumed extracontractual duties. *Id.* at *3-4. The Court therefore held that the defendant had not satisfied its burden of proof that the plaintiff lacked a "glimmer of hope" on its negligence claim. *Id.* at *5.

*Fulton County* did not address the duties of an insurance agent. Rather, *Fulton County* addressed the duties of an insurance adjuster. And although there may be parallels between the duties of agents and adjusters, *Fulton County* also involved an adjuster who had potentially assumed extracontractual duties. In *Fulton County*, the adjuster allegedly "assumed full responsibility for making all arrangements for the repair and restoration of the Fulton County Jail," and told Fulton County's Judge/Executive that he "would take care of everything to get the jail repaired and restored, and that [the Judge/Executive] would not have to worry about anything." 2019 WL 97080 at *1 (quoting Fulton County's Complaint). As discussed above, the record does not allege sufficient facts that Agent Morrill assumed extracontractual duties. Agent Morrill did not owe Plaintiff an extraordinary duty absent a course of dealing, payment of extraordinary consideration, or a clear request or statement to that effect. Because there is no evidence that Agent Morrill owed an extraordinary duty to Plaintiff, the Motion to Remand must be denied.

    *(III)*    Fraud.

12

Plaintiff claims that "[t]he Defendants omitted material facts as to the existence of available coverages to the Plaintiff." (Pl. Complaint ¶ 128). Plaintiffs further claims that "[t]he Defendants had a duty to disclose the fact that there was additional UIM coverage . . . failed to disclose this fact" and that "[t]he Plaintiff suffered actual damages as a result of Defendants' fraudulent omissions." *Id.* at ¶¶ 129-32. "[A] fraud by omission claim is grounded in a duty to disclose. To prevail, a plaintiff must prove: (1) the defendant had a duty to disclose the material fact at issue; (2) the defendant failed to disclose the fact; (3) the defendant's failure to disclose the material fact induced the plaintiff to act; and (4) the plaintiff suffered actual damages as a consequence." *Giddings & Lewis, Inc. v. Industrial Risk Insurers,* 348 S.W.3d 729, 747 (2011) (citations omitted). A duty to disclose may arise where a fiduciary relationship binds the parties, where a statute imposes such a duty, or where a defendant has partially disclosed material facts but created the impression that he fully disclosed them. *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.,* 113 S.W.3d 636, 641 (Ky.App.2003).

Plaintiff does not assert a colorable fraud claim against Agent Morrill because Agent Morrill did not owe Plaintiff a duty to disclose. As discussed in greater detail above, Agent Morrill did not owe an affirmative duty under the policy or Kentucky law that would require her to contact Plaintiff and advise the policyholder of all coverages that are available. Agent Morrill did not expressly undertake to advise Plaintiff on the availability of UIM under Plaintiff's policy. Nor did Agent Morrill impliedly undertake to advise Plaintiff because Plaintiff did not pay Agent Morrill consideration beyond the mere payment of a premium, there is not a course of dealing which would put a reasonable insurance agent on notice that her advice is being sought and relied upon, and Plaintiff did not clearly request UIM coverage advice from Agent Morrill. Because Agent Morrill

did not owe Plaintiff a duty to disclose available UIM coverage, Plaintiff's fraud by omission claim is not colorable.

### 2. **Motion to Dismiss & Motion to Hold in Abeyance:**

Defendant Morrill moves the Court to dismiss the Plaintiff's claims against her for failing to state a claim upon which this Court can grant relief. Agent Morrill argues that Plaintiff has failed to state a plausible claim against her because: (1) she was not a party to the insurance contract between State Farm and Mr. Davis, (2) Agent Morrill did not undertake a duty to advise the Plaintiff on UIM coverage, and (3) Plaintiff cannot state plausible claims for fraud by omission or breach of fiduciary duty under the facts of this case where Agent Morrill does not owe Plaintiff a duty to advise. The Court agrees.

In a motion to dismiss pursuant to Rule 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Civil Rule 12(b)(6), a party must "plead enough factual matter to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Should the well-pleaded

facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Id.* at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677-79)

The most logical course of action in this case is to simultaneously address the Motion to Remand and Motion to Dismiss. This course of action is appropriate because the Court must determine whether Plaintiff has asserted a colorable claim against Agent Morrill to decide the Motion to Remand and a finding that such a claim is absent mandates the dismissal of Agent Morrill as a defendant in this action. In other words, the Court's analysis regarding the Motion to Dismiss and Motion to Remand "appear to travel hand-in-hand." *Current v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:08-CV-324-S, 2009 U.S. Dist. LEXIS 16391, *3 (W.D. Ky. March 3, 2009). Therefore, Plaintiff's Motion to Hold in Abeyance is **DENIED.**

As discussed above, the Court finds that Plaintiff has failed to assert a colorable claim against Agent Morrill under Kentucky law and the lenient standard governing motions to remand. This standard is more favorable to Plaintiff's cause of action than the standard governing the Motion to Dismiss. The Court's finding regarding the Motion to Remand is therefore dispositive with respect to Agent Morrill's Motion to Dismiss. A Plaintiff who has not asserted a colorable claim cannot survive a Motion to Dismiss. The Court's finding that Plaintiff lacks a "glimmer of hope" to succeed on her claims under Kentucky law forecloses on Plaintiff's argument that she has pled sufficient factual allegations in her complaint to state a plausible claim for relief. Thus, Agent Morrill's Motion to Dismiss is **GRANTED.**

## ORDER

**IT IS HEREBY ORDERED,** Plaintiff's Motion to Remand (DN 9) this action to state court is **DENIED.** Plaintiff's Motion to Stay and Hold in Abeyance (DN 11) the Motion to Dismiss is also **DENIED.** Finally, Defendant Sherri Morrill's Motion to Dismiss (DN 10) is **GRANTED.** All claims asserted against Defendant Sherri Morrill in this action are **DISMISSED WITHOUT PREJUDICE,** and the Clerk is directed to terminate Defendant Sherri Morrill from this action. **IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 10, 2020

CC: COUNSEL OF RECORD